**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Bobby Joe Arflin, Appellant.

Appellate Case No. 2015-001900

---

Appeal From Anderson County
R. Scott Sprouse, Circuit Court Judge

---

Unpublished Opinion No. 2017-UP-303
Submitted June 1, 2017 – Filed July 26, 2017

---

**AFFIRMED**

---

Sarah Ganss Drawdy, of Byrholdt Drawdy, LLC, of Anderson, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General J. Robert Bolchoz, Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Sherrie Butterbaugh, all of Columbia; and Solicitor David R. Wagner, Jr., of Anderson, all for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Page*, 378 S.C. 476, 481, 663 S.E.2d 357, 359 (Ct. App. 2008) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 404(a), SCRE (providing evidence of an individual's character is generally inadmissible); *Page*, 378 S.C. at 482, 663 S.E.2d at 360 ("It is firmly established that otherwise inadmissible evidence may be properly admitted when opposing counsel opens the door to that evidence."); *State v. Day*, 341 S.C. 410, 419-20, 535 S.E.2d 431, 436 (2000) ("In the murder prosecution of one pleading self-defense against an attack by the deceased, evidence of other specific instances of violence on the part of the deceased are not admissible unless they were directed against the defendant or, if directed against others, were so closely connected at point of time or occasion with the homicide as reasonably to indicate the state of mind of the deceased at the time of the homicide, or to produce reasonable apprehension of great bodily harm."); *id.* at 420, 535 S.E.2d at 436 ("Whether a specific instance of conduct by the deceased is closely connected in point of time or occasion to the homicide so as to be admissible is in the trial [court's] discretion and will not be disturbed on appeal absent an abuse of discretion resulting in prejudice to the accused."); Rule 404(a)(2), SCRE (providing in homicide cases, the prosecution may admit "evidence of a character trait of peacefulness of the victim . . . to rebut evidence that the victim was the first aggressor").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.